AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## UNITED STATES DISTRICT COURT
### for the

GABINO MEDINA OSORIO
_____
*Petitioner*

v.

U.S.A. ATTORNEY GENERAL
_____
*Respondent*
*(name of warden or authorized person having custody of petitioner)*

)
)
)
)
)
)
)
)
)
)

Case No. _____
*(Supplied by Clerk of Court)*

### PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241
#### Personal Information

1.  (a) Your full name: Gabino Medina Jr., Osorio
    (b) Other names you have used: _____
2.  Place of confinement:
    (a) Name of institution: North Lake Correctional Facility
    (b) Address: 1805 West 32nd. Street, Baldwin, MI 49304
    _____
    (c) Your identification number: #08147479
3.  Are you currently being held on orders by:
    ☑Federal authorities   ☐ State authorities   ☑Other - explain: ICE detainer

4.  Are you currently:
    ☐ A pretrial detainee (waiting for trial on criminal charges)
    ☑ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
    If you are currently serving a sentence, provide:
       (a) Name and location of court that sentenced you: Bob Casey Federal Courthouse
    515 Rusk St., Houston, TX 77002
       (b) Docket number of criminal case: 4:16 - cr - 79-1
       (c) Date of sentencing: October 7, 2016
    ☑ Being held on an immigration charge ICE detainer
    ☐ Other *(explain):* _____
    _____
    _____

#### Decision or Action You Are Challenging

5.  What are you challenging in this petition:
    ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

❏ Pretrial detention

❏ Immigration detention

☑ Detainer

❏ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory
maximum or improperly calculated under the sentencing guidelines)

❏ Disciplinary proceedings

❏ Other *(explain)*: _____

_____

6.     Provide more information about the decision or action you are challenging:

(a)  Name and location of the agency or court:  *Bob Casey Federal Courthouse*
*515 Rusk St. Houston TX 77002*

(b)  Docket number, case number, or opinion number:  *4:16-CR-79 and 4:19-cv-04532*

(c)  Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

*Earlier deportation order because the Immigration Judge stated Movant
was not eligible for relief under former § 212(c)(h) waiver and stated that
appeal would be futile, so Movant did not appeal*

(d)  Date of the decision or action: *March 8, 2008*

## Your Earlier Challenges of the Decision or Action

7.     **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

❏ Yes                    ☑ No

(a)  If "Yes," provide:

(1)  Name of the authority, agency, or court: _____

_____

(2)  Date of filing: _____

(3)  Docket number, case number, or opinion number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

_____

_____

(b)  If you answered "No," explain why you did not appeal: *I J stated that appeal would be futile
so Movant did not appeal. Also, Movant was under mandatory detention provision in error,
and only applies to felons who had not been lawfully admitted to the U.S. .*

8.     **Second appeal** *See Welch v. Ashcroft, 293 F.3d 213, (4th, Cir, 2002) at II, A, 2.*

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

❏ Yes                    ☑ No

Page 3 of 9

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court: _____

    (2) Date of filing: _____

    (3) Docket number, case number, or opinion number: _____

    (4) Result: _____

    (5) Date of result: _____

    (6) Issues raised: _____

_____

_____

_____

_____

_____

(b) If you answered "No," explain why you did not file a second appeal: _____

_____

9.    **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

❒ Yes           ☑ No

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court: _____

    (2) Date of filing: _____

    (3) Docket number, case number, or opinion number: _____

    (4) Result: _____

    (5) Date of result: _____

    (6) Issues raised: _____

_____

_____

_____

_____

_____

(b) If you answered "No," explain why you did not file a third appeal: _____

_____

10.    **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☑ Yes           ❒ No

If "Yes," answer the following:

(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

    ☑ Yes           ❒ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Name of court: _Bob Casey Federal Courthouse_

(2) Case number: _4:16-cr-79-1 and 4:19-cv-04532_

(3) Date of filing: _November 14, 2019_

(4) Result: _Pending, Movant has not heard from the court yet._

(5) Date of result: _____

(6) Issues raised: _1)Movant was deprived of § 212 (c) and § 212 (h) in deportation held arbitrary and capricious, see Judulang v. Holder, 565 US. 42 (2011). 2) Deprived of the Speedy Trial Act, 18 U.S.CS. § 3161, Arrest date record was 1-29-2016, picked up by ICE on 2-4-16. ICE knew that I was in prison since July 8, 2011 and procrastinated too long. Arraigment date 3-1-16, 32 days from record of arrest date, 3) I.C.E. violated 8 C.F.R. 242.2 (e) notify consular of nationality Article 36, 4) 18 U.S.C. 3282 five-year statute of limitations_

(b)   Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes          ☑ No

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

(c)   Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _Movant filed a §2255 on 11-14-19 and have not heard from the Court. Movant now moves to construed petition as a 28 U.S.C. §2241. Please see Nolasco v. U.S.A., 358 F. Supp. 2d 224, (2nd. Cir. Nov. 4, 2004), Convicted of an aggravated felony and was deported. Then convicted of 8 U.S.CS. §1326 and filed a petition challenging the earlier deportation order due to the fact that the BIA did not consider him eligible for relief under §212 (c) held fundamentally unfair. Also see Rodriguez v. Gonzales, 488 F.3d 672, BIA was urged to file nunc pro tunc to correct the legal error in the denial of waiver, (5th. Cir. 2007)._

11.   **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☑ Yes          ☐ No

If "Yes," provide:

(a)   Date you were taken into immigration custody: _March 30, 2007_

(b)   Date of the removal or reinstatement order: _March 8, 2008_

(c)   Did you file an appeal with the Board of Immigration Appeals?

☐ Yes          ☑ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Date of filing: _____

(2) Case number: _____

(3) Result: _____

(4) Date of result: _____

(5) Issues raised: _____

_____

_____

_____

(d)    Did you appeal the decision to the United States Court of Appeals?

☐ Yes            ☐ No

If "Yes," provide:

(1) Name of court: _____

(2) Date of filing: _____

(3) Case number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

12.    **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes            ☑ No

If "Yes," provide:

(a) Kind of petition, motion, or application: _____

(b) Name of the authority, agency, or court: _____

(c) Date of filing: _____

(d) Docket number, case number, or opinion number: _____

(e) Result: _____

(f) Date of result: _____

(g) Issues raised: _____

_____

_____

_____

Page 6 of 9

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Grounds for Your Challenge in This Petition

13.    State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Movant was deprived relief waiver §212(c) and §212(h) in deportation Case held arbitrary and capricious. See Sanchez v. Sessions, 892 F.3d 985 (9th. Cir. 2018), also Valenzuela v. Holder, 467 Fed. Appx. 691 (9th. Cir. 2012) was ordered removed on the basis of his 1994 conviction for assault with a deadly weapon and granted remand to the BIA to reconsider.

(a) Supporting facts (Be brief. Do not cite cases or law.): The world is in extreme hardship due to COVID-19. Movant obtained L.P.R. status in 1971 and the first U.S. sibling was born 1968 and two other siblings are also U.S. born, Grandmother on Father's side is U.S. born and Father is a U.S. citizen, Mother is a L.P.R., both parents are aged out and under chronic care. Movant also has a history of chronic care and posttraumatic-stress disorder, and was force to work under harsh conditions while serving time in the Texas State prison. Parents would suffer extreme hardship.

(b) Did you present Ground One in all appeals that were available to you? See Perez v. Mukasey, 271 Fed. Appx. 592 (9th. Cir. 2008).

☐ Yes          ☑ No

**GROUND TWO:** Movant was deprived of Speedy Trial Act. 18 U.S.C.S. § 3161(b) charging an individual with an offense shall be filed within 30 days from the date that person was arrested or served with a summons in connection with such charges. See U.S.A. v. Hernandez, 2020 US. Dist. LEXIS 45529 (9th. Cir.), Also see Alabama vs. Bozeman, 533 U.S. 146 (2001), I.A.D. 1 thru 9

(a) Supporting facts (Be brief. Do not cite cases or law.):

ICE placed a detainer on Movant on July 8, 2011 because ICE knew Movant was a §1326. The Arrest date record was 1-29-2016, ICE picked up Movant from prison on 2-4-16, ICE procrastinated too long. Movant could have had both state and federal sentence run concurrent. Movant's detainer was harmful to his rehabilitation and, in addition, an excessive delay prevented Movant from effectively defending himself. See U.S. v. Ortiz, 687 F.3d 660, 5th. Cir. 2012.

(b) Did you present Ground Two in all appeals that were available to you?

☐ Yes          ☑ No

**GROUND THREE:** Movant was deprived of Article 36 of the Vienna Convention on Consular Relations: See U.S. v. Calderon, 591 F.2d 529 (9th. Cir. 1979), Violation of 8 C.F.R. § 242.2(e) harmed the aliens' interests. Also see U.S. v. Esogbue, 357 F.3d 532 (5th. Cir. 2004), violation of the V.C., so as to avoid deportation. Movant was deprived on his State and federal charges of Article 36.

(a) Supporting facts (Be brief. Do not cite cases or law.):

Movant had never been informed or advised of Article 36 or of immigration consequence. Consular would have helped in functions listed in article 5 of the Convention to "helping and assisting nationals and representing or arranging appropriate representation in State, federal and in immigration courts. See U.S.A. v. Bejar, 618 F.2d 81 (9th. Cir. 1980) arrested alien must be advised of his right to speak with the consul of the alien's country.

(b) Did you present Ground Three in all appeals that were available to you?

☐ Yes          ☑ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** Criminal prosecution under §1326 is barred by the five-year statute of limitations, 18 U.S.C. § 3282, See U.S.A. v. DiSantillo, 615 F.2d 128 (3rd.Cir. 1980), Illegal entry through a port of entry after being arrested and deported is not a continuing offense, See U.S. v. Cores 78 S.Ct. 875, (1958)

    (a) Supporting facts (Be brief. Do not cite cases or law.):

Movant entered the U.S. through a recognized immigration port of entry in Laredo, Texas at the Colombia bridge. Movant gave the officer his L.P.R. card while in his mini van which should be recorded on port of entry data base unit. Mini van is under Movant's name and that should let them know who the van belongs to, L.P.R. card has an A-File that contains all interactions that noncitizen have, See Nightingale v. U.S.C. and I.S., 2019 WL 5191066 (9th.Cir.), The officer scanded the card and passed it back to him and let him pass to the U.S. in 2008.

    (b) Did you present Ground Four in all appeals that were available to you?

    ☐ Yes          ☑ No

14.    If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: I Movant told my attorney of all the above grounds I even sent to her copies of police misconduct by the ex-policeman that arrested me.

**Request for Relief**

15. State exactly what you want the court to do: I Movant request that the charge of Title 8 U.S.C. §1326 be dismissed with prejudice and L.P.R. status be reinstated.

Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FIVE:** Collateral Attack prior Removal Order due to the fact that Movant has been a victim of a crime a myriad of times, prior to Removal and after removal, see U.S. v. ACEVES, 2019 U.S. Dist. LEXIS 50886 (9th Cir.). Her attorney failed to explore that she had been a victim of domestic violence.

(a) Supporting facts: I Movant had never been asked if I had ever been a victim of a crime until I was interviewed by the Mental Health department at the North Lake Correctional Facility by Doctor NADEAU, MISSI, PHD. I broke down and started to recall the abuses that I have been put through. I recalled the 1983 year beating by the H.P.D. and the Harris County officers, Harris County Court 339th., Cause No. 373928 which case went to trial and I beat the charge but the D.A. wanted to retry the case so I took the 8 year probation they offered. While getting arrested I was beaten-up while in handcuffed behind my back and one officer had me by my hair. Complainant D.V. Zaunbrecher gun went off in his holster. When I heard the shot I fell to the ground and they kept beating me with black jack sticks. All I could hear was Complainant screaming that I had his gun while I was being hit and all along his gun was in his holster. People that lived around my house were looking and they were telling the cops to stop beating me, I was tested for gun powder residue and nothing showed up. When someone shoots a gun they get gun powder residue on their hands. I was also cleared of finger or hand prints, because my hand prints did not come up on the officers gun.

After my arrest I was taken to Bentub hospital, then sent to the Harris County jail where I got beat-up by the officers because they saw my charges.

At the 4th. year of the 8 year deferred adjudicate probation my probation officer had it Ordered Adjudged and Decreed to be dismissed and the Judgment of Conviction was to be set aside according to law. The court stated that the charge was cleared from my cord. Something must be wrong because it's still on my record.

In summer of 1990 I was drinking beers on a friday evening when Eddie Rocha and his friend showed up at my house. We dranked a little and they were there for about and hour when they started a fight with me I fell to the floor and they kept kicking me. My sister Margarita Medina heard and saw what was happening and she started to yell at them, they took off in their car and I called the police. When the officer arrived he took a statement and told me to go file charges with the D.A., so I went on the next working day and filed some paper work. I was never called on the matter by anyone in the courts.

In summer of 1990 my romantic partner Laura Lisa Longoria pulled a buck knife on me because she was always accusing me that I wanted to cheat on her. I told her, "leave the house", when I was on the drive way she threw a glass bottle at me. About a week later she went in my backyard neighbor's garage and started to throw things from my neighbor's garage to my house and then a ball hitch from a truck hit my car that was on the drive way. I did not have a clue who done it until the police parked in front of my house with Laura Lisa Longoria in the police car. Well, the neighbor's called the police on her for trespassing and then the polices told me that she also had a blue warrent because she had stopped going to see her parole officer. I did not know she had been to prison, she did abuse me mentally and physically. When she was in the county jail she would call me and ask for money and I felt bad about her being in jail so I sent her the money she need it to buy things. Then she told me she was pregnant from me, what a story she made! When she got out of prison she told me she had a miscarriage, what a story she made!

3

On July 2, 2011 My wife, 4 year son and I were visiting her cousin Carmen Cavazos for a 4th. of July mini party. Everything was going good until Damian Lopez arrived, I did not know this guy, he was like acting weird. I asked Gary Cooper if he knew what was wrong with Lopez, but to no avial. I did not know Gary Cooper had a criminal history with an Aggravated Sexual Assault of a child Under 14. But I had a feeling that I needed to leave that house, due to the fact that I had to tell them not to smoke around the kids. My wife procrastinated leaving even after I begged to her that we needed to leave. Well a fight broke out so we went home. Then I found out that Damian was high and had been drinking 4 Locos. On July 4, 2011 in the evening hours the police shows up to my house at 10492 Templeridge LN., and when my wife opened the door the police ran in with guns in hands. This is a 3000 sq. ft. home, they were in no time from the front door to the back of the house where I was at playing with my four year old son. Ex-Officer Ray Acuna had his gun pointed at my head whiled the other officer had his shoot gun on me and when my 4 year old moved the officer with the shoot gun moved the shootgun from me to my son. My wife and I told them why are they doing it in front of a kid. They said that we should have took him up stairs so he would not see anything, like if we knew they were coming inside the house. Well, the police took me to a park and they locked the rail so that no cars could go in the park and it was also emty. Both officers started it to argue, and then they got me out of the car. Officer Ray Acuna points his gun at my head and I begged to them to please take me to the police station, that my son needs me and that I was not feeling good. All I could think was how Joe Compus Torres got killed by the police. Well they took the handcuffs off of me, and I could not understand why that was happening. I got cuffed again, the other officer got in his car, opened the park gate and took off. Ray Acuna put me in his car and drove to the police station.

4

See Attachments of Ex-policeman Ray Faustino Acuna.

My four year old son had nightmares for along time according to his Mother. I also had problems, I feel that no one should have a gun to their head when they don't have a weapon and specially while they are in handcuffs. One flick of the trigger and someone could be dead. Both officers that arrested me looked like they were high on drugs. Tax payers pay to get protected and not mistreated.

The other physical and mental abuse was to hard labor work in the prison system in Texas. Please see Attachment: Texas Convict-Leaing Burial Ground Uncovered.

Also the gang issues can cause mental and physical abuse. I was assaulted on the 4th of July 2020 at the North Lake Correctional Facility at the Delta Bravo Unit due to the fact that I don't run with anyone. So when I got moved to Echo-Alfa the POD rep. for Delta-Bravo sent word to Echo-Alfa to let them know about me, just plane discrimination. They belittle me!

I have been bullied since I was about ten years old and have been discriminated on. Furthermore, the mental abuse I obtained while my parents divorced and neglect of not having both parents. To top things off the divorced court never considered an interview with my siblings or myself. What ever happend to the best interest of the child rule that the Judges have to consider. It would be too late for child protective services now!

(b) Did you present Ground Five in all appeals that were available to you?
☐ Yes    ☑ NO

GROUND SIX: I defendant was served a bad Notice to Appear (N.T.A)
Form I-862 which does not identify date and time on the N.T.A.
See U.S.A. v. Nunez-Romero, 2020 U.S. Dist. Lexis 41436 (9th. Cir.), did
not identify the address of the immigration court.
(a) Supporting Facts: Please see attached copy of bad N.T.A. and
therefore, the Immigration Court lacked jurisdiction to the March 8, 2018
removal order because of the defective N.T.A., I collaterally attack the
Indictment under 8 U.S.C. § 1326 (d) because the N.T.A. did not include
the statutorily required time, date and court number with the Judge's
name. I Movant have a due process right to collaterally attack my removal
order because the removal order serves as a predicate element of my
conviction.

(b) Did you present Ground Six in all appeals that were available to
you?  ☐ Yes  ☒ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

_March 5, 2021_

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date:  _3-5-21_

_Sabino Medina_
*Signature of Petitioner*

_____
*Signature of Attorney or other authorized person, if any*

Sabino Medina Osorio "08147479
North Lake Correctional Facility
P.O. Box 1500
Baldwin, MI 49304

Special Legal Mail






United States Courts
Southern District of Texas
F I L E D

MAR 1 2 2021

Nathan Ochsner, Clerk of Court

⇔08147-479⇔
Clerk U S Courthouse
PO BOX 61010
Houston, TX 77002
United States

